■ In the Matter of the Arbitration between WILLOUGHBY REALTY & MANAGEMENT CO., INC., Appellant, and NEW YORK STATE INDEPENDENT UNION OF BUILDING SERVICE EMPLOYEES AND FACTORY WORKERS, LOCAL 2, Respondent. — Order appealed from reversed, on the facts and on the law, with $20 costs and disbursements to appellant, the petitioner's motion is granted, with $10 costs, and the arbitration stayed. Under the provisions of the collective bargaining agreement the employers had the right to lay off employees "in good faith and in the exercise of * * * sound business judgment." Unlike the situation in *Matter of Otis Elevator Co.* (*Carney*) (6 N Y 2d 358), the union in its affidavit has set forth no facts whatsoever which would even tend to raise an issue as to the employers' good faith, or as to the propriety of the exercise of their sound business judgment. Accordingly, no issue is tendered for arbitration. Concur — Botein, P. J., Breitel, M. M. Frank and Stevens, JJ.; Valente, J., dissents and votes to affirm in the following memo-

randum: While the affidavit submitted on behalf of the union does not have the specificity of the averments in *Matter of Otis Elevator Co. (Carney)* (6 N Y 2d 358) sufficient is shown to demonstrate the existence of a dispute regarding the layoff of 11 out of 13 employees covered by the collective agreement. Under the contract the employer had the right to lay off employees "in good faith". The issue of the employer's good faith has been tendered by the union. It is not necessary that the union make out a prima facie case of bad faith before arbitration will be ordered but merely to present sufficient data to indicate that the good faith is not "beyond dispute". Since I think the record does offer adequate circumstances to challenge the good faith of the employer, it should be left to the arbitrators to determine that question. I therefore dissent.

The appeal from the decision of Mr. Justice Conlon, dated November 5, 1959 is dismissed on the ground that no appeal lies from said decision.